**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mason Jones, et al., | No. CV-20-00714-PHX-GMS |
|            Plaintiffs, | **ORDER** |
| v. | |
| County of Pinal, et al., | |
|            Defendants. | |

On August 9, 2024, trial proceedings were held before the Court. During those proceedings, the parties discussed, on the record, the Proposed Final Jury Verdict Form and Proposed Final Jury Instructions. After discussion with the parties, the Court has made the following determinations.

## I.    Jury Verdict Form

At a pretrial status conference held on July 19, 2024, counsel for Defendants requested the jury verdict form to include special interrogatories asking the jury to indicate whether certain facts were found that would effectively trigger the protection of qualified immunity for Defendants. Plaintiffs' counsel objected, requesting that the jury be able to determine the issue of excessive force without answering any special interrogatories regarding qualified immunity. The proper course is that the jury will be asked interrogatories regarding qualified immunity, but only those involving factual situations that have sufficient foundation in the evidence presented at trial.

## A. Defendant Carter

Regarding the claim against Defendant Carter, the special interrogatory (listed as Question 1 on the proposed jury verdict form distributed to parties on August 9, 2024 or something close to it) will remain.  There is no dispute that there is evidence in the record that would allow a reasonable jury to determine whether Plaintiff Jones kicked Defendant Carter prior to Defendant Carter striking Plaintiff Jones in the head.  The law is clear that qualified immunity would apply if the jury determined that this was the course of events.  *See Ames v. City of Tempe*, 665 F. Supp. 3d, 1013 (D. Ariz. 2023).  The Court would consider instructing the jury that the defendant might lose qualified immunity after attaining it based on conduct after the kick if Plaintiffs could show the Court a case that would support such an instruction.  The Court cannot find such a case.  Accordingly, this interrogatory is proper and will remain on the jury verdict form.

Nevertheless, the request for additional questions beyond the one as to whether Plaintiff Jones kicked Defendant Carter are not merited by the facts presented in Plaintiff's case.  The Defendants have been aware that remaining factual questions prevented a grant of summary judgment on qualified immunity which Defendants previously sought.  The Court, however, will not grant defense counsel's request for an additional special interrogatory or interrogatories to the jury that would ask whether Plaintiff Jones kicked at or flailed at Defendant Carter without making contact with him prior to Defendant Carter striking Plaintiff Jones.

Defendant Carter repeatedly testified that being kicked by the Plaintiff was the reason he struck Plaintiff Jones in the face with closed fists and he struck Plaintiff Jones *only after* being kicked in his knees and groin and otherwise kicked multiple times.  There is no testimony from Carter, alternative or otherwise, suggesting that Carter would have struck Plaintiff absent Plaintiff first kicking Carter. Carter himself makes that plain at multiple places throughout his testimony.  Allowing an interrogatory to go to the jury as a predicate for qualified immunity for Carter about whether Plaintiff flailed his legs at unspecific times toward Carter without hitting him, would allow the jury to speculate about

facts not in evidence—there is no evidence that Carter would have struck Jones, or thought it appropriate to do so, merely because Jones flailed his legs without impacting Carter.  As such, Defense Counsel's request for a second interrogatory regarding kicking or flailing without impact is improper and purely speculative.

**B.  Defendant Myers**

Regarding the claim against Defendant Myers, the special interrogatory (listed as Question 7 on the proposed jury verdict form distributed to parties on August 9, 2024) will remain.  Like Defendant Carter, however, no additional interrogatory will be included. Defendant Myers's testimony was equally unequivocal about why he chose to administer pepper spray against Plaintiff Jones: Defendant Myers saw Plaintiff Jones kick Defendant Carter.  Neither Defendant Myers nor anyone else present any testimony claiming that Defendant Myers administered pepper spray because he saw Plaintiff Jones engage in generalized flailing without contact.  Thus, there is no factual dispute left for the jury to resolve regarding Defendant Myers witnessing Plaintiff Jones kicking at Defendant Carter. As such, Defense Counsel's request for a second interrogatory regarding being "kicked at" would, again, be improper.

**C.  Other Edits**

The Court made additional changes, edits, deletions, or insertions based on the discussion held with Counsel on August 9, 2024.

**II.   Jury Instructions**

The Court also made changes edits deletions, or insertions based on the discussion held with Counsel on August 9, 2024.

/ / /

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

Accordingly,

**IT IS THEREFORE ORDERED** that the Parties will be given one last chance to discuss jury verdict forms and instructions with the Court at **10:00 AM on Monday, August 12, 2024.**

Dated this 12th day of August, 2024.

G. Murray Snow
Chief United States District Judge